## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LEON ALLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:24-CV-2381-MAB** |
| | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiff Leon Allen's motion for preliminary injunctive relief (Doc. 13). For the reasons explained below, the motion is denied.

### PROCEDURAL BACKGROUND

Plaintiff filed this pro se civil rights case pursuant to 42 U.S.C. § 1983 in October 2024, alleging that he has received constitutionally inadequate medical care for throat cancer (Doc. 1). Following a threshold review of the complaint pursuant to 28 U.S.C. §1915A, Plaintiff was permitted to proceed on the following counts:

> **Count 1**: Eighth Amendment claim against Director of Nursing Sabrina Bickers, Health Care Unit Administrator Phil Martin, and Warden Chad Jennings for exhibiting deliberate indifference to Plaintiff's throat cancer at Robinson in 2023-24, when they disregarded his diagnosis, delayed his treatment, denied his follow-up care, and thereby exacerbated his condition.
>
> **Count 2**: Eighth Amendment claim against Wexford for causing a delay in

Plaintiff's necessary cancer treatment through its three-tiered approach to care, which requires inmates to meet with a nurse, then a physician's assistant or nurse practitioner, and, only then, a doctor, if necessary.

(Doc. 8).

Plaintiff's complaint included a request for injunctive relief, and he was instructed to file a supporting motion that set forth the exact relief he was requesting and supporting facts (Doc. 8, p. 5). Plaintiff filed his motion, as ordered, on November 19, 2024, alleging, in short, that Defendants failed to schedule him for a follow-up appointment as ordered by his oncologist Dr. Casey Duncan (Doc. 13). Plaintiff sought an order compelling Defendants to schedule the follow-up appointment (*Id.*).

Defendants were ordered to file a response by December 19, 2024 (Doc. 14). They requested an extension of time, arguing that Plaintiff's account of his treatment history and the recommendations of his providers, as alleged in his Motion, was inaccurate when compared to his medical records (Doc. 26; Doc. 29; *see also* Doc. 32). According to Defendants, Plaintiff's medical records showed that he had been receiving follow-up care since he completed radiation, and he was scheduled to be seen by an ENT in mid-January 2025, which they argued would likely moot his request for preliminary injunctive relief (Doc. 26). Notably, Plaintiff did not contest Defendants' factual assertions or object to their request for an extension of time. Defendants' motion was granted, and they were given until February 3, 2025, to respond to Plaintiff's motion for preliminary injunctive relief (Doc. 31). Defendants filed their joint response on January 29, 2025, detailing the care Plaintiff had received that month and once again requesting that his motion for injunctive relief be denied as moot (Doc. 36). Plaintiff did not file a reply brief.

## LEGAL STANDARD

A preliminary injunction is an "extraordinary and drastic remedy" that is available only when "the movant, *by a clear showing,* carries the burden of persuasion." *Goodman v. Ill. Dep't of Fin. & Prof'l Reg.*, 430 F.3d 432, 437 (7th Cir. 2005) (emphasis in original) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). Additionally, mandatory preliminary injunctions like the one sought here, which would require an affirmative act by the defendant, are "ordinarily cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quoting *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997)).

A plaintiff seeking a preliminary injunction must demonstrate that he is likely to succeed on the merits of his claim, he has no adequate remedy at law, and that he would suffer irreparable harm without the preliminary injunctive relief. *Finch v. Treto*, 82 F.4th 572, 578 (7th Cir. 2023) (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)). If the plaintiff makes this showing, then the court proceeds to a balancing analysis, weighing the harm of denying an injunction to the plaintiff against the harm to the defendant of granting one. *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 539 (7th Cir. 2021). Ultimately, the plaintiff must show "that the balance of equities tips in his favor." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1754 (2021) (quoting *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008)).

## DISCUSSION

In his motion, Plaintiff alleges that he finished radiation treatment on October 2, 2023, and he was supposed to have a six-month follow-up appointment and screening

with his radiation oncologist, Dr. Casey Duncan, to ensure the treatment had been successful and the cancer had not recurred (Doc. 13, para. 2, 3). At the time Plaintiff filed his motion for injunctive relief, more than a year had elapsed since he had completed treatment, but he claimed that he had yet to have a follow-up appointment with Dr. Duncan (*Id.* at para. 3). Plaintiff stated that he had been suffering from symptoms "that may indicate the cancer has returned," including coughing up blood and large flecks of necrotic tissue (*Id.* at para. 4). He further stated that he had submitted sick call requests, but his requests were completely ignored (*Id.*). Plaintiff sought a court order compelling prison and health care officials at Robinson to schedule a follow-up visit with Dr. Duncan (*Id.* at para. 5).

The Court notes that in April 2025, after Plaintiff's motion was fully briefed, he was released from IDOC custody (*see* Doc. 46),[1] which makes his request for preliminary injunctive relief moot. *Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008) (the plaintiff's "request for injunctive relief has been rendered moot by his release from prison.") (citing *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006)).

The Court will nevertheless address the merits of Plaintiff's motion because it appears that he may already be back in IDOC custody.[2] Like Defendants argued,

---

[1] According to the IDOC website, Plaintiff was paroled on April 1, 2025. ILLINOIS DEP'T OF CORR., *Individual in Custody Search*, https://idoc.illinois.gov/offender/inmatesearch.html (search by IDOC number N54121).

[2] According to the IDOC website, Plaintiff was readmitted to IDOC custody on May 16, 2025, and is currently incarcerated at the Northern Reception Center at Stateville. His projected parole date is October 1, 2026. ILLINOIS DEP'T OF CORR., *Individual in Custody Search*, https://idoc.illinois.gov/offender/inmatesearch.html (search by IDOC number N54121).

Plaintiff's medical records show that his account of his treatment history and the recommendations of his providers is inaccurate. The records show that Defendants did not shirk scheduling Plaintiff for post-treatment follow-up visits as ordered by Dr. Duncan. There was one in October 2023, one in November 2023, and one in December 2023 (Doc. 36-1, pp. 97–119, 140, 141-45). At the final appointment in December, Dr. Duncan said that any additional appointments would be on an as-needed basis (*Id.* at p. 143). In other words, Dr. Duncan did *not* order a six-month follow-up like Plaintiff claims. Because no six-month follow-up appointment was ordered, Plaintiff cannot show that Defendants were deliberately indifferent for not scheduling such appointment, and he is not entitled to an injunction compelling Defendants to do so.

Although Dr. Duncan did not order a six-month follow-up, Plaintiff's ENT, Dr. Charly Nguyen, did. The medical records show that at Plaintiff's post-treatment appointment with Dr. Duncan in October 2023, the doctor recommended Plaintiff see an ENT for a routine post-radiation evaluation of his vocal cords (Doc. 36-1, p. 99). Plaintiff subsequently saw Dr. Nguyen on January 16, 2024 (*Id.* at pp. 146-147). Dr. Nguyen found no evidence of a cancer recurrence and recommended a six-month follow-up visit (*Id.*). It appears from the records that health care officials at the prison did not take any steps to get approval for the follow-up visit or to schedule it (*see* Doc. 36-1), and Plaintiff had to remind Dr. Alisha Thomas in July 2024 that he was due for a follow-up (*see id.* at p. 82). Dr. Thomas submitted a referral for the ENT visit on July 18, 2024 (*Id.* at pp. 82, 148).

It seems as though there was a delay in getting the ENT follow-up appointment approved and/or scheduled (*see* Doc. 36-1, p. 155; *see also* Doc. 1, p. 7, para. 7), but it was

eventually scheduled for January 21, 2025 (*id.* at p. 155).[3] That day, Plaintiff saw Nurse Practitioner Jennifer Hall at the ENT clinic (Doc. 36-2). NP Hall performed a fiberoptic laryngoscopy and determined there was no recurrence of cancer (*Id.*). Plaintiff's symptoms were due to reflux (*Id.*). NP Hall told Plaintiff to start taking omeprazole and famotidine, to use a nasal saline spray at least four times a day, and to return for a reevaluation in three months (*Id.*).

To the extent the ENT follow-up visit is what Plaintiff meant to make the subject of his motion for injunctive relief, he has once again failed to make a clear showing that he is entitled to any relief. Although there was apparently an extended delay before the ENT follow-up visit occurred (and the wait was no doubt distressing to Plaintiff), he was eventually seen in January 2025. Therefore, he has now received all of the relief that he requested. Furthermore, Plaintiff did not show that the delay in seeing the ENT caused him any irreparable harm. While he feared that his cancer had come back, that proved not to be the case. He simply had reflux, which could be treated with over-the-counter treatments.

Accordingly, Plaintiff's motion for preliminary injunctive relief (Doc. 13) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 12, 2025**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

---

[3] It was during the gap in time between when the referral was made in July 2024 and the appointment in January 2025 that Plaintiff filed this lawsuit and moved for preliminary injunctive relief (Doc. 1, Doc. 13).