IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEON ALLEN,                               )
                                          )
              Plaintiff,                   )
                                          )
vs.                                       )    Case No. 3:24-CV-2381-MAB
                                          )
WEXFORD HEALTH SOURCES, INC.,             )
CHAD JENNINGS,                            )
SABRINA BICKERS, and                      )
PHIL MARTIN,                              )
                                          )
              Defendants.                  )

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the motion to dismiss for lack of prosecution filed by Defendants Wexford Health Sources, Inc. and Sabrina Bickers ("the Wexford Defendants") (Doc. 65). Plaintiff Leon Allen filed this *pro se* lawsuit in October 2024 pursuant to 42 U.S.C. § 1983, alleging he was receiving constitutionally inadequate medical care for throat cancer at Robinson Correctional Center (Doc. 1; Doc. 8).

Plaintiff was incarcerated when he filed the complaint in October 2024 (*see* Doc. 1). He was repeatedly advised of his continuing obligation to keep the Clerk of Court informed of any change in his address and that his failure to do so may result in dismissal of his case (Docs. 5, 8). *See also* SDIL-LR 3.1(b)(2). Plaintiff informed the Court in April 2025 that he had been released from prison (Doc. 46), and he also informed the Court that same month that he had been picked up on a parole violation and was being held at the Winnebago County Jail (Doc. 49). Since then, however, Plaintiff has failed to keep the

Court apprised of his address (*see* Doc. 54). The Court determined on August 26, 2025, that Plaintiff had been returned to IDOC custody and was once again incarcerated at Robinson Correctional Center (*see* Doc. 54). Plaintiff did not follow the Court's Order to file a formal notice of change of address (*see id.*). Plaintiff did, however, file motions for status on October 9, 2025, and November 3, 2025 (Docs. 60, 62; *see also* Docs. 61, 64). But Plaintiff has not filed anything more with the Court in the months since.

Defendants Wexford Health Sources, Inc. and Sabrina Bickers ("the Wexford Defendants") filed a motion to dismiss for lack of prosecution on February 11, 2026 (Doc. 65). In the motion, Defendants indicate that Plaintiff never responded to the written discovery requests that they served on him some nine and a half months prior (*Id.*). Defendants sent a follow-up letter in January 2026 to Plaintiff at both his previous residential address and at Robinson Correctional Center (*Id.*). Defendants never received a response (*Id.*). Defendants then sent a second follow-up letter in February 2026 to both addresses; both letters were returned as undeliverable (*Id.*). To date, Plaintiff has not filed a response to the motion or made any effort to otherwise communicate with the Court.

The Court believes that Plaintiff has been released from custody again because when his name and/or inmate number are inputted into the IDOC's Individuals in Custody search (*available at* https://idoc.illinois.gov/offender/inmatesearch.html), the search result is "Inmate NOT found." Plaintiff, however, has once again failed to update his address with the Court. And under Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court

should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)).

In this matter, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. But Plaintiff is nevertheless obligated to comply with Court orders and deadlines and to communicate with opposing counsel and the Court. Given Plaintiff's prolonged lack of substantive action in this case, his failure to comply with discovery obligations and the scheduling Order, his failure to communicate with opposing counsel and the Court, and his failure to keep everyone apprised of his location, Plaintiff has given the Court no other option but to dismiss the case.

Consequently, the Wexford Defendants' motion to dismiss for lack of prosecution (Doc. 65) is **GRANTED**. That renders **MOOT** the IDOC Defendants' motion asking the Court to dismiss the case or, in the alternative, to amend the schedule (Doc. 67). This matter is **DISMISSED** with prejudice pursuant to Rule 41(b) for failure to comply with a Court Order and failure to prosecute. The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 24, 2025**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

<u>NOTICE</u>

Plaintiff is advised that this is a final decision ending his case in this Court. If Plaintiff wishes to contest this decision, he has two options: he can ask the undersigned to reconsider the Order or he can appeal to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal in the district court *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).

On the other hand, if Plaintiff wants to start with the undersigned, he can file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), but such a motion is not required to preserve his appellate rights. Any Rule 59(e) motion *must* be filed within twenty-eight (28) days of the entry of judgment. FED. R. CIV. P. 59(e), and the deadline *cannot* be extended. *See* FED. R. CIV. P. 6(b)(2). Any motion must also comply

with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010) ("This court has held that otherwise timely skeletal motions that fail to satisfy the requirements of FED. R. CIV. P. 7(b)(1) do not postpone the 30–day period for filing a notice of appeal . . . .").

So long as the Rule 59(e) motion is in proper form and filed no later than 28 days after the judgment is entered, the 30-day clock for filing a notice of appeal will be stopped. FED. R.APP. P. 4(a)(4). The clock will start anew once the motion is ruled on. FED. R.APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal, and the clock will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, the deadline for filing a notice of appeal can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.